**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| BYRON TENNEL LACY, et al., | No. CV-06-2865-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. |  |
| County of Maricopa, City of Phoenix, et al., |  |
| Defendants. |  |

This case was reassigned to us on September 21, 2007, on Judge Carroll's recusal. It came to us with three very stale motions. We now rule.

The court has before it Maricopa County's motion to dismiss/motion for a more definite statement (doc. 5), plaintiffs' response, and defendants' reply. Also before the court is the defendant City of Phoenix's motion for judgment on the pleadings (doc. 7), the defendant City of Phoenix's motion for summary disposition (doc. 16), plaintiffs' response, and defendant City of Phoenix's reply.

This action was filed in the Superior Court of Arizona in Maricopa County by the plaintiffs *pro se*. The complaint is unclear. It may allege false arrest and malicious prosecution under state law and it may allege claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1962. Because of the assertion of federal claims, the City of Phoenix removed the action to this court (doc. 1).

I.

Maricopa County contends that the action should be dismissed because any state claim is barred by the one year statute of limitations under A.R.S. § 12-821, any federal claim is barred by the two year statute of limitations, and that if we do not dismiss we should at least require a more definite statement under Rule 12(e), Fed. R. Civ. P., because the pleading is so vague or ambiguous that the County cannot reasonably be required to frame a responsive pleading.

The docket suggests that Judge Carroll appointed Richard Treon to represent the plaintiffs and then recused himself. Order of September 21, 2007 (doc. 34 ). Plaintiffs, through Mr. Treon, contend and therefore concede, that "[p]laintiffs did not allege any specific state law claims." Response at 3-4 (doc. 29). Plaintiffs also assert that their federal law claims are not barred by the applicable statute of limitations because the cause of action did not accrue until the Arizona Supreme Court denied a petition for review on June 29, 2004. Plaintiffs further contend that their RICO claim is governed by a four year statute of limitations which has not yet expired. In response to defendants' motion for more definite statement, plaintiffs pretty much concede the point and express an interest in filing a first amended complaint.

The County defendants reply that we should grant the motion for more definite statement, we should grant the motion to dismiss the state claims as plainly barred by the statute of limitations and the failure to comply with the notice of claims statute, and that the County defendants will reassert their statute of limitations defenses to the federal claims after a first amended complaint is filed.

II.

The City also contends that the plaintiffs' state law claims are barred by the notice of claims statute, and the one year statute of limitations. The City further contends that the plaintiffs' federal claims are barred by the statute of limitations and that in any event the City of Phoenix is not vicariously libel for the actions of its employees. Moreover, the City

1  argues that it has no RICO liability. Plaintiffs argue that the discovery rule would toll the
2  state statute of limitations, they have claims that are not within the general allegations of the
3  complaint that might subject the City to vicarious liability, and that they might have claims
4  against individual police officers that are not made.

5  The City replies that the complaint fails to allege any facts to support any of their
6  claims, that the state law claims, to the extent that they exist at all, are barred, and that the
7  federal law claims are untimely as well. Moreover, the City asserts again that it has no
8  vicarious liability and cannot be liable for RICO violations.

## III.

10  Plaintiffs' newly substituted counsel concedes that the *pro se* complaint cannot
11  withstand scrutiny. Accordingly, the County's motion for more definite statement will be
12  granted. Moreover, plaintiffs' counsel concedes that no state claims are stated and even if
13  they are, they have come forth with no theory that would support the application of the
14  discovery rule to toll the one year statute of limitations. Accordingly, to the extent that
15  plaintiffs allege any state claims, the County's motion to dismiss is granted. Construing the
16  plaintiffs' suggestion that they would like to file a first amended complaint as a request to
17  do so, we will allow the plaintiffs to file a first amended complaint within ten days of the
18  date this order is docketed (October 5, 2007), or else the entire existing complaint will be
19  dismissed with prejudice, including any federal claims that purport to be alleged. Counsel
20  for plaintiffs will file an amended complaint only if he can do so under Rule 11, Fed. R. Civ.
21  P.

22  For much the same reasons, the City of Phoenix's motion for judgment on the
23  pleadings with respect to any state law claims is granted because plaintiffs claim they are not
24  making any state law claims and in any event there has been no compliance with A.R.S. §
25  12-821.01. Plaintiffs' § 1983 claim against the City of Phoenix fails because the City is not
26  vicariously libel and there are no allegations of the City having engaged in a custom or
27  practice that would impose municipal liability under § 1983. Plaintiffs concede that there
28  is no RICO claim against the City and plaintiffs have failed to join any individual defendants.

- 3 -

1 Accordingly, the City of Phoenix's motion for judgment on the pleadings on the RICO claim
2 is also granted.
3     It is theoretically possible that claims could be asserted against the City under § 1983,
4 but plaintiffs should attempt to do so only if they can do so under Rule 11, Fed. R. Civ. P.

IV.

6     Accordingly, IT IS ORDERED as follows.  The City of Phoenix's motion for
7 summary disposition should have been granted back in April, but it is now moot.
8 Accordingly, IT IS ORDERED DENYING the City's motion for summary disposition on
9 grounds of mootness (doc. 16).
10     IT IS FURTHER ORDERED GRANTING the County's motion to dismiss state law
11 claims and GRANTING the County's motion for more definite statement (doc. 5).
12     IT IS FURTHER ORDERED GRANTING the City of Phoenix's motion for judgment
13 on the pleadings on plaintiffs' complaint as presently drawn (doc. 7).   Plaintiffs may file a
14 first amended complaint within ten days of the docketing of this order (October 5, 2007), if
15 they can do so under Rule 11, Fed. R. Civ. P.
16     DATED this 25th day of September, 2007.

_____
Frederick J. Martone
United States District Judge