**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| BYRON TENNEL LACY, | ) | No. 06-2865-PHX-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| COUNTY OF MARICOPA; PHILLIP KEEN, M.D. ET AL, | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Motion For New Trial (Dkt. # 311). For the reasons stated below, the motion is denied.

Plaintiff claims a right to new trial on five grounds. The Court will address each in turn.

**1. Prior Convictions**.

Plaintiff claims that the Court erred in denying his Motion in Limine No. 2 thus, allowing the Defendants to elicit Plaintiff's felony convictions to impeach the credibility of his testimony pursuant to Federal Rules of Evidence 609. There was no error in that decision, as the admission of prior convictions to impeach a witness's credibility is explicitly authorized by the Federal Rules of Evidence, unless the evidence should be precluded under Fed. R. Ev. 403. The Court found then, and finds now, that Rule 403 does not prevent the introduction of such evidence.

**2. Details of the Prior Convictions**.

Plaintiff claims that the court erred in allowing the Defendants to elicit some of the details relating to Plaintiff's prior convictions. All such testimony, however, was either brought forth by Plaintiff himself, or admitted without objection by Plaintiff. When Plaintiff's counsel objected to further evidence detailing the facts underlying Plaintiff's felony convictions, the objection was sustained. Dkt. # 320 Ex. 2 at 31. Plaintiff cannot now complain about evidence being admitted at trial to which he made no contemporaneous objection at trial. "Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." Federal Rules of Evidence 103(a)(1); *Bartelson v. United States,* 96 F.3d 1270, 1277-78 (9th Cir. 1996) (holding that any objection to testimony was waived because plaintiff did not object to its admission during trial); *Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1066 (9th Cir. 1996) ("[b]y failing to object to evidence at trial and request a ruling on such objection, a party waives the right to raise admissibility issues.")

**3. Plaintiff's Incarceration**.

Trial was initially conducted to permit Plaintiff to present his case without drawing attention to the fact that he was currently incarcerated for felony convictions. Defendants asked no questions pertaining to that incarceration until after Plaintiff had asked a question which, in the Court's view, misled the jury as to the incarceration status of the Plaintiff. In asking Plaintiff about his felony convictions for which Plaintiff is currently incarcerated, Plaintiff's counsel asked:

> Q. And did you pay your price to society for having gotten caught and having admitted your guilt?
>
> A. Yes.

In the Court's view, the question, and the answer to it, misled the jury and left the impression that Plaintiff had completed any punishment associated with his subsequent felonies. Accordingly, the Court held that Plaintiff's counsel had "opened the door" as to the

current incarceration status of the Plaintiff, and the Court permitted Defense counsel on cross-examination to clarify that Plaintiff was still currently incarcerated for those convictions. *United States v. Wales,* 977 F.2d 1323, 1326 (9th Cir. 1992) (holding that counsel can "open the door" to otherwise precluded testimony by introducing evidence creating a false impression.); *see also United States v. Segall,* 833 F.2d 144, 148 (9th Cir. 1987) (same). The Court sees no error in the ruling. And, even if it were error, it is not of the magnitude required to grant a new trial in this case. It, therefore, provides no basis for a new trial.

### 4. Defendants' Closing Argument.

Although Plaintiff's argument in this respect is a bit disjointed, he seems to argue that Defense counsel engaged in misconduct or inappropriate closing argument. The Court again notes that no objections were raised to any of the aspects of closing argument that Plaintiff now challenges.

Further, however, the Court declines to find that the arguments, under the circumstances, were improper. Plaintiff made it clear, especially once the Defendants were allowed to elicit the fact that Plaintiff was still incarcerated, that Plaintiff was seeking continuing damages for his 1996 conviction as it affected his life to the present day, up to and including his 2007 convictions. To the extent that Plaintiff was seeking damages for the period in which he was convicted for the 2007 felonies, his daily activities that resulted in both his illicit income and his arrest were relevant for the jury to consider in evaluating Plaintiff's claim for damages. Further, the evidence concerning Plaintiff's activities as a drug dealer were admitted in evidence without objection by the Plaintiff, and were also elicited to a considerable extent by Plaintiff himself. Thus, Plaintiff makes no credible argument that it was inappropriate for Defendants to refer to that evidence during closing argument.

Further, in the original underlying criminal trial that provides a part of the basis for Plaintiff's claim here, Plaintiff was convicted for the manslaughter of Shawn Mayon. He was also convicted of an aggravated assault on Calvin Pink, Sr. when the jury determined that one of the bullets that was fired by Plaintiff struck Mr. Pink. On a subsequent Rule 32

1  Petition, the state superior court ruled that Plaintiff had received inadequate assistance from
2  his counsel on the two charges. Then the superior court also stated on the record that there
3  was insufficient evidence for any reasonable jury to convict the Plaintiff on the charges.
4  Thereafter, a different division of the superior court determined that, as a result of this last
5  finding regarding the insufficiency of the evidence, jeopardy had attached to Plaintiff's
6  convictions for both the manslaughter and the aggravated assault on Mr. Pink. Plaintiff was
7  thus released on both the underlying manslaughter and aggravated assault charges after six
8  years and four months in prison, and could not be retried on either charge.

9  Nevertheless, in this case, Plaintiff conceded that he fired the bullet that hit Mr. Pink.
10 When he did so, he admitted the facts that resulted in his aggravated assault conviction. That
11 conviction resulted in a seven and half year sentence against Plaintiff. In Defendants closing
12 argument, Defense counsel argued to the jury that since Plaintiff was now conceding that he
13 fired the bullet that struck Mr. Pink, his six years and four months spent in prison was not
14 unmerited, because Plaintiff had actually committed an aggravated assault on Mr. Pink and
15 was released on the charges before he had served his seven and a half year sentence, just as
16 he had not yet paid his "debt to society" on his drug-related convictions. The comment drew
17 no objection during the trial, and the Court does not find the argument to be one that, given
18 the circumstances, merits a new trial now.

19 **5. Failure To Instruct the Jury.**

20 Plaintiff argues that it was an error for the Court to decline to instruct the jury that,
21 as a matter of law, the bullet that killed Shawn Mayon did not come from Plaintiff's pistol.
22 The Court ruled on this matter prior to trial, determined that such an instruction would be
23 an error, and explained its ruling in its order dated February 23, 2009 (Dkt. # 220). It does
24 not vary from that ruling, and thus, in the Court's opinion, it does not merit a new trial in this
25 case. Therefore,

26 **IT IS HEREBY ORDERED** denying Plaintiff's Motion for New Trial (Dkt.# 311).
27 DATED this 8th day of October, 2009.

28

_____
G. Murray Snow
United States District Judge